## PARIS & CO. v. CROWLEY ET AL.

JUDGMENT HELD TO BE SUPPORTED BY THE EVIDENCE.

*Appeal from Page Circuit Court.*

FRIDAY, DECEMBER 5.

ACTION to recover $104.35, the alleged contract price of three stoves sold by the plaintiffs to the defendants. Defense that only two stoves were purchased, and that the same were warranted to be superior in every respect, and to do good work; that one of said stoves wholly failed to fill said war-

ranty. There was a trial without a jury, and judgment for the plaintiffs for $57.77 and costs. Defendants appeal.

*Wm. McPherrin*, for appellants.

*Moore & McPherrin*, for appellees.

ROTHROCK, J.—One of the plaintiffs contracted with defendants to sell them two stoves of a particular description, for the aggregate sum of $70.50. A written order was made and signed by the defendants, and sent to the plaintiff's place of business by the member of the firm who made the sale. After the order was given, the person who made the sale wrote directions thereon to the house to send the defendants another stove of another pattern, in addition to those purchased. He notified the defendants that the additional stove would be sent. All three of the stoves were shipped and received by the defendants. One of those ordered was returned, because it did not fill the alleged warranty. The one not ordered was also returned. The costs and charges of returning them, including storage, etc., was $26.46. The court below evidently held that the stove not ordered was rightfully returned. This is apparent from the fact that one half of the expense of returning the two, deducted from the agreed price of those purchased, leaves an amount about equal to the judgment, to-wit: $57.27. The few cents of difference may be accounted for by the allowance of interest.

With regard to the breach of warranty complained of as to one of the stoves ordered, it is enough to say that there is a conflict in the evidence. one of the plaintiffs testified that "the stoves were all first class in every respect, and I know they were the most perfect working stoves I have ever seen in a long experience with stoves." With this testimony before us, we are not prepared to say that the judgment of the court is so manifestly against the evidence as to indicate passion or prejudice.

AFFIRMED.